116

Monte Ellis, Appellant,

*v.*

Nettie Lee Ellis, Appellee.

368 S. W. 2d 292.

(*Nashville,* December Term, 1962.)

Opinion filed June 4, 1963.

R. E. Bonner, Jr., McMinnville, for appellant.

George M. Beaver, McMinnville, for appellee.

Mr. Robert S. Clement, Special Justice, delivered the opinion of the Court.

This is a petition to modify a divorce decree entered in the General Sessions Court of Warren County, Tennessee, on April 5, 1962, wherein the Complainant, Nettie Lee Ellis, was granted an absolute divorce from the Defendant, Monte Ellis, and the Court approved a property settlement entered into by the parties, signed by them and their attorneys, and made a part of the decree. The petition to amend the decree was filed by Nettie Lee Ellis on August 15, 1962, or approximately four and one-half months after the decree was entered. Other relief was prayed for in the August 15, 1962 petition, but the only question before this Court is whether or not the General Sessions Court of Warren County had the right to modify the original decree to the extent that Monte Ellis, the Defendant below, was required to make certain monthly payments on the automobile of Petitioner which was not mentioned in the original decree.

The history of this hasty divorce action is interesting. We could not help but note that the original bill was filed on April 4, 1962; the answer was filed on April 4, 1962; the property settlement stipulation is dated April 4, 1962; and the General Sessions Judge heard the case and rendered his decree on April 5, 1962. The agreed property

settlement, which is headed "stipulation," reads as follows:

"Whereas, Nettie Lee Ellis has filed a bill for divorce against Monte Ellis in the Court of General Sessions of Warren County, Tennessee, and said defendant Monte Ellis has filed an answer to said bill, and in contemplation of said separation and divorce the parties have hereby agreed regarding their property and custody and support of their minor children:

"Now, therefore, in settlement, adjustment and in compromise of all property questions and rights of the parties hereto, they have mutually agreed that upon the procuring of a divorce by said Nettie Lee Ellis, the parties will execute a warranty deed to their property, as set out and described in the bill, conveying their interest to the minor children, Linda Carol Ellis and Monte Lee Ellis, Jr. and also that they will transfer and assign their furniture and goods in their home to said children.

"It is further mutually understood and agreed between the parties that the defendant Monte Ellis will contribute the sum of $45.00 per week for the support and maintenance of said children, payments to begin on the 4th day of April 1962 and continue each week thereafter until further orders of the Court, and will furnish a home in which they may live, and said children are to be in the custody of each party six months each year.

"Upon confirmation and ratification of above stipulations by the Court each party hereby releases and relinquishes to the other and to the heirs, executors, administrators and assigns thereof, all claims, rights and duties arising out of said marital relation and

each party is hereby barred from any and all rights or claims by way of dower, curtesy, descent, distribution, inheritance or any other right that may arise out of said property now belonging to the parties."

It should be noted that no mention is made of a 1962 Chevrolet 2-door Impala.

On August 15, 1962, the Petitioner Nettie Lee Ellis filed a petition wherein she alleged, among other things, "Also your petitioner will show that it was agreed between the parties that each party should keep an automobile, your petitioner had in her possession a 1962 Chevrolet 2-door Impala and the defendant having a Renault, and the defendant agreed to make the payments on both automobiles, however, no mention was made of these automobiles in the final decree." To this part of the petition, the Defendant Monte Ellis demurred, the substance of which was, that the degree which Petitioner seeks to amend was entered on April 5, 1962, and that more than thirty days had elapsed from the entry of the decree and that the General Sessions Court had no jurisdiction to entertain said petition as to that part relating to an agreement to purchase or pay for an automobile.

The petition was not heard by the General Sessions Court until the 29th day of October, 1962, at which time the Petitioner, now Nettie Ellis Mullican, had lost possion of the automobile; but the Trial Judge overruled Defendant's demurrer and entered a judgment against the Defendant Monte Ellis in the amount of Four Hundred Fifty ($450.00) Dollars. It is the overruling of Defendant's demurrer and this part of the decree from which the Defendant appeals.

Petitioner insists that this decree is governed by TCA Section 36-828, which reads as follows:

"In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare. and interest of the child or children may demand, and the court may decree that suitable support be made by the father. Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require."

Petitioner insists that the relief is in the nature of child support and, therefore, the Court has power to make such changes or modifications as may be required.

The Defendant insists that the relief prayed for as to the automobile was not in the nature of child support and, therefore, does not come within the exception of the thirty-day period, and that Section 36-828 TCA is not controlling.

The Fifth Edition of Gibson's Suits in Chancery, Section 614, provides:

"But after the lapse of the thirty days after its entry, or after the close of the term, the Chancellor's power to make any revision of a decree settling rights is forever ended, except on a bill of review, or on a bill to impeach the decree for fraud, no matter how manifest and gross the error, nor how certain he may be of its existence. The decrees of Fate are not more beyond his

power of change. His right thereafter to rectify a decree, as shown in the next section, is rather clerical in its nature than judicial, such rectification not requiring any exercise of discretion, and not embracing any redetermination of any matter.''

In the case of *Davenport v. Davenport,* 178 Tenn. 517, 160 S.W.2d 406, 407, this Court speaking through Justice Chambliss, said:

"Quite obviously, the intention was to incorporate in every divorce decree, without express recitation therein, a retention of control over the decree by the Court as to all questions *involving the custody or support of the minor children of the parent parties,* with power to make all 'such changes or modification' in the decree 'as the exigencies of the case may require.' '' Italics ours.

Thus, it appears that if the Petitioner is to succeed in her efforts to uphold the judgment of the lower court wherein a judgment was rendered against the Defendant for $450.00, then she must bring herself within the provisions of Section 36-828, TCA, wherein the decree remains in control of the Court.

Many years ago, someone coined the expression, "Haste makes waste". If the parties to this action and their attorneys had taken just a little more time to consider the serious matter of divorce, as well as the contents of the property settlement, the Chevrolet Impala might not have been overlooked; and this action might not have been necessary. However, by no stretch of the imagination can we bring a Chevrolet Impala into the category of child support. Fraud is not alleged.

In a recent case, *Johnson v. Johnson,* from the Western Section of the Court of Appeals, 51 Tenn.App. 205, 366 S.W.2d 141, which is reported in the Advance Sheets of May 7, 1963, Judge Carney affirmed the lower court wherein the wife had sought to subject the interest of the husband in certain lands in lieu of monthly payments of alimony and child support, the court holding that it did not have the authority to award any of the husband's interest in realty, the petition asking for this relief having been filed (60) days after the final decree. Certiorari was denied by this Court on September 7, 1962.

If this Court should affirm the judgment of the lower court in modifying this decree to such a material extent, a precedent would be set whereby it would be difficult to ascertain when a judgment becomes final.

For the reasons stated herein, the Trial Judge's action in overruling the demurrer is reversed. The demurrer is sustained and the cause dismissed as to the $450.00 judgment against the defendant.

The Petitioner Nettie Lee Ellis Mullican will pay the costs of the cause.