JAMES LEWIS PENDERGRASS, v. MURRIEL ELIZABETH PENDERGRASS.—405 S.W.(2d) 666.

Eastern Section. February 17, 1966.

Certiorari Denied by Supreme Court June 6, 1966.

John S. Wrinkle, Chattanooga, for appellant.

Dietzen, Parks & Dietzen, Chattanooga, for appellee.

McAMIS, P. J. This appeal involves the power of the Court to modify a decree of divorce providing for child support and alimony. The decree awarded custody of a minor daughter of the parties to appellee Muriel Elizabeth Pendergrass who was granted an absolute divorce. The decree required appellant to pay $30.00 per week "for the support of Muriel Elizabeth Pendergrass and their minor child" and further provided:

"The home place shall belong to the two of them as tenants in common but Muriel Elizabeth Pendergrass shall have the exclusive and uninterrupted possession of the same for two years from the entry of this decree, and the cause is specifically retained within the jurisdiction in order that either of the parties may petition the Court to review the decree herein so far as it awards uninterrupted possession to petitioner. If such petition is made, the Court will then make such further orders as to possession as may be needed under the circumstances then existing."

On May 17, 1965, pursuant to the petition of Muriel Elizabeth Pendergrass, the Court found, after hearing proof, that "Muriel Elizabeth Pendergrass is still in possession of the house and lot described in the original decree of divorce and is still using the same as a homeplace for herself and the child, Melba Pendergrass, and continues to need the use of the house and lot for that purpose.

"* * * The petitioner shall have further exclusive and uninterrupted possession of the house and lot described

in the original decree for six (6) years with leave to either party to hereafter apply for an extension or a reduction of that period of time."

James Lewis Pendergrass has appealed from the decree of May 17, 1965, insisting the extension of time during which he is to be deprived of possession of his interest in the property or obtain a partition thereof was an attempt by the Court to modify an award of alimony in solido which the Court had no power to do after the lapse of 30 days from and after the entry of the original decree. We think the question turns on whether the award is properly to be treated as alimony in solido or alimony in futuro and child support. We have concluded it falls within the latter category.

The original decree required appellant to pay $30.00 per week for the future support of his wife and child and in addition for the same purpose they were awarded the future possession of his interest in the home for a period of two years or longer if it should be needed. The period of time was also subject to diminution at any time upon application of appellant. The use of the property as a home for the wife and child being subject as it was to increase or diminution by the future orders of the Court can not be considered an award of alimony in solido, especially since it was for the use of the child as well as the wife. The right of possession was not permanently divested out of the husband and vested in the wife and therein, it seems to us, lies the distinction between this case and Ellis v. Ellis, 212 Tenn. 116, 368 S.W.2d 292, and Johnson v. Johnson, 51 Tenn.App. 205, 366 S.W.2d 141, relied upon by appellant.

In Ellis v. Ellis, the wife on April 5, 1962, was awarded a divorce. The decree approved an agreed property set-

tlement which made no mention of a Chevrolet automobile. Five months later the wife filed a petition seeking a decree requiring her former husband to discharge a lien on the automobile. The Supreme Court reversed the decree of the trial court overruling a demurrer to the petition, holding that the Court had no power to modify its former decree under T.C.A. 36-828, providing:

"In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, notwithstanding a decree for annulment, divorce or separate maintenance is denied, award the care, custody and control of such child or children to either of the parties to the suit, or to some suitable person, as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the father. Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require."

The Court concluded that "by no stretch of the imagination can we bring a Chevrolet Impala into the category of child support." Providing a home for a child is child support as much as a monetary award from which a home can be provided. A further distinction lies in the fact that in the Ellis case the decree made no reservation of the power to modify by future action of the court to provide for changed or changing circumstances. The decree in this case does so provide.

In Johnson v. Johnson, the wife having been awarded alimony and child support by a weekly allowance of $25.00, attempted more than 30 days after the original decree had become final and after her former husband had defaulted in making the required payments, to have

the Court substitute an interest in his property for the weekly allowance for alimony. The relief sought was plainly alimony in solido and this court merely held that the trial court had no power after the original decree had become final to make a new and entirely different award by substituting an award for alimony in solido for the award of alimony in futuro previously made.

We find no error. Affirmed and remanded generally at the cost of appellant. On the remand a proper allowance may be made for the services of counsel for appellee in this court.

Cooper and Parrott, JJ., concur.