DOROTHY RICHARDS NARON, Plaintiff in Error,

*v.*

CHARLEY B. NARON, Defendant in Error.

401 S.W.2d 766.

(*Nashville,* December Term, 1965.)

Opinion filed April 11, 1966.

126

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for plaintiff in error.

LACKEY, ATKINS & LACKEY, Nashville, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal from the Circuit Court of Davidson County, Tennessee. The parties will be referred to as they appeared in the trial court; that is, plaintiff in error Dorothy Richards Naron, as respondent, and defendant in error Charley B. Naron, as petitioner. The proceedings in this cause, prior to and including this appeal, may be summarized as follows:

This proceeding is a sequel to a divorce proceeding between the same parties which culminated in January, 1958, in a decree awarding Mrs. Naron a divorce and alimony in the sum of $85.00 a month for a period of 20 years. A portion of that 1958 decree is hereinafter quoted.

On July 30, 1965, Dorothy Richards Naron filed a supplemental petition asserting that Charley B. Naron should be cited for contempt for failure to make certain alimony payments under the January, 1958 divorce decree. There is nothing in the present record to indicate that any proceedings have taken place pertaining to this petition. On August 11, 1965, petitioner, Charley B. Naron, filed a petition in the Circuit Court of Davidson County, in the old cause, requesting the Court to reduce the amount of alimony heretofore awarded his former wife. Evidently, a hearing was held sometime between the filing of this petition and August 16, 1965, at which time respondent announced her intention to demur to the petition, and at a later time a written demurrer was filed. The basis of the demurrer was that the Court did not now have jurisdiction of the decree awarding alimony; that the decree of alimony which the petitioner sought to amend was final by its own terms; and not subject to modification at the time such modification was made.

On August 16, 1965, the trial judge wrote a memorandum opinion, which is in the record, in which he found respondent's demurrer to be without merit.

On August 31, 1965, the trial judge entered a decree, which reads as follows:

"This cause came on to be heard upon the entire record, and particularly upon the petition of Charley B. Naron to reduce the amount of alimony heretofore awarded to Dorothy Richards Naron by decree of the Circuit Court on January 14, 1958, and at the time the cause came on to be heard counsel for the original complainant, Dorothy Richards Naron, announced that

the petition had only been filed on that morning and requested that he be permitted to file at a later date a demurrer attacking the jurisdiction of the court and the right for the court to modify the said decree awarding alimony, which permission was granted and the cause proceeded to be heard upon the grounds of the demurrer being stated to the court. Thereupon the court heard the testimony of the petitioner, Charley B. Naron, the respondent, Dorothy Richards Naron, declining to introduce proof upon the demurrer, and after argument of counsel, the court took the matter under consideration. Thereafter the court found in a written memorandum opinion, which memorandum is ordered to be made a part of the technical record in this cause in the event of an appeal, that the demurrer was not well taken and should be overruled; and that further petitioner's petition for the reduction in the amount of alimony should be reduced from Eighty-Five ($85) Dollars a month to Twenty ($20.00) Dollars a month.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the demurrer of the respondent, Dorothy Richards Naron, be and the same is hereby overruled.

IT IS FURTHER ORDERED that the decree for alimony heretofore entered in the First Circuit Court of Davidson County, Tennessee, at Nashville, be and the same is hereby modified to reduce the amount of monthly payments for the support of the respondent, Dorothy Richards Naron, from Eighty-Five ($85.00) Dollars to Twenty ($20.00) Dollars per month. In all other respects the said decree shall remain in full force and effect.

To the entire action of the court the respondent, Dorothy Richards Naron, respectfully excepts.''

This decree purports to overrule respondent's demurrer and to award petitioner the relief sought. On this same date, respondent filed a written demurrer. It appears from the record in this case that at the hearing which antedated the trial judge's memorandum of August 16, 1965, the trial judge purported to take respondent's demurrer under advisement, rather than ruling upon the same, and then proceeded to hear petitioner's proof. The respondent at that time refused to put on proof, on the ground that she wanted a ruling on her demurrer before answering and putting on proof in support of her answer. In spite of respondent's position and contention, the trial judge proceeded to a hearing of petitioner's proof, and reached his conclusion both as to the proposed demurrer and the merits of the petition.

On this appeal, respondent has assigned error as follows:

''I.

The court erred in overruling the second ground of the demurrer filed on behalf of the plaintiff-in-error, which was and is in words and figures as follows:

'2. That the decree of alimony is now final by its own terms and not subject to be amended.'

Rec. pp. 7, 12.

II.

The court erred in hearing proof and granting the relief prayed by the petition while the petition was still pending on demurrer and with the allegations of the

petition not having been put at issue by answer, pro confesso or otherwise.

Rec. p. 12.''

In support of respondent's Assignment of Error I, it is contended that the decree of the Court which heard the divorce action and awarded respondent alimony in January, 1958, granted said alimony *in solido,* or, as sometimes stated, *in gross.* The pertinent part of that decree reads as follows:

"IT IS FURTHER ORDERED that, commencing on the first day of February, 1958, and on the first day of each succeeding month thereafter, for a period of twenty (20) years, the defendant pay over to the complainant the sum of Eighty-Five ($85.00) Dollars for her care, support, and maintenance; provided, however, that the defendant, as a part of the said Eighty-Five ($85.00) Dollars per month, may pay the monthly payments owed on the parties' home located at 902 Mile End Avenue and deduct the amount of the said payment from the Eighty-Five ($85.00) Dollars.''

While we have read, at length, the authorities generally, and the Tennessee statutes and decisions pertinent to the subsequent alterability of a decree awarding alimony *in solido,* we have reached the conclusion that it is neither necessary nor proper to belabor that question in this opinion. This, for the reason that the question is not rightly present in the case. Close examination of the original decree awarding alimony reveals no element of an award *in solido* or *in gross.* It clearly awards only installment alimony with a limitation as to time in terms of years. The original award of alimony in this case falls squarely within the ambit of T.C.A. sec. 36-820 and the

interpretation placed on that statute in *Thomas v. Thomas* (1959) 46 Tenn.App. 572, 330 S.W.2d 583, and other Tennessee cases. T.C.A. sec. 36-820 is as follows:

"Alimony for support of wife and children—Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown. Courts having jurisdiction of the subject-matter and of the parties are hereby expressly authorized to provide for the future support of wives and children, in proper cases, by fixing some definite amount or amounts to be paid in monthly, semimonthly, or weekly instalments, or otherwise, as circumstances may warrant, and such awards, if not paid, may be enforced by an appropriate process of the court having jurisdiction thereof, including levy of execution. The order or decree of the court may provide that the payments for the support of such child or children shall be paid either to the clerk of the court or direct to the mother or other person awarded the custody of said child or children. (Code 1858, secs. 2468, (deriv. Acts 1835-1836, ch. 26, secs. 10, 19); Shan., sec. 4221; mod. Code 1932, sec. 8446; Acts 1949, ch. 53, sec. 1; mod. C.Supp. 1950, sec. 8446)."

This statute, it seems to us beyond doubt, retains in the trial court jurisdiction of the subject matter and the parties under an award as made in this case. It follows,

in our view, that the respondent's first assignment of error is without merit.

The question raised by Assignment of Error II seems to this Court to be whether or not, in a proceeding according to the forms of Chancery, a respondent has a right to have a demurrer contesting the jurisdiction of the Court ruled upon before respondent may be forced to answer and put on proof in support of such an answer. This Court is of the opinion that this question must be answered in the affirmative. T.C.A. sec. 21-601 sets out the order in which defenses are to be made in a Chancery proceeding. See *Cooke v. Richards* (1872) 58 Tenn. 711. In addition to the case cited, we call attention to T.C.A. sec. 21-602, which reads as follows:

"Manner of contesting jurisdiction.—After answer filed, and no plea in abatement to the local jurisdiction of the court, no exception for want of jurisdiction shall afterwards be allowed. (Code 1858, sec. 4385 (deriv. Acts 1801, ch. 6, sec. 16); Shan., sec. 6195; Code 1932, sec. 10466.)"

The foregoing would seem to amply indicate the dilemma in which respondent and her counsel were placed by the procedure adopted by the trial judge.

T.C.A. sec. 21-611 provides that after the demurrer is overruled, the respondent is then obliged to answer the allegations of the Bill or suffer pro confesso to be taken against him. That Section provides as follows:

"Answer after demurrer.—Upon a demurrer argued and overruled, no other demurrer shall be received, but the defendant shall answer the allegations of the bill; and, in case he fails to do so by the next rule day, or

by the time prescribed by the court, the bill may be taken for confessed, or answer enforced by contempt, as if no such demurrer had been filed. (Code 1858, sec. 4395 (deriv. Acts 1801, ch. 6, sec. 27); Shan., sec. 6205; mod. Code 1932, sec. 10476.)"

It seems to be the well settled law of this State that a demurrant must not take any step in the cause until his demurrer has been disposed of or he may be deemed to have abandoned his demurrer. See Gibson's Suits in Chancery (4th Ed.) Sec. 314, and *Pugh v. Burton* (1942) 25 Tenn.App. 614, 166 S.W.2d 624.

In the case before this Court, we believe the trial court erred in not first ruling upon respondent's demurrer, and then, as set out in T.C.A. sec. 21-611, prescribing a time for respondent to file her answer, thus making an issue on which proof could be meaningfully heard.

For the foregoing reasons, this Court is of opinion that this cause has not been rightly and fully disposed of. The decree of the Court below is therefore reversed for the reasons advanced in respondent's Assignment of Error II, and the cause is remanded to the Court below for final disposition, not inconsistent with this opinion. Costs of the appeal will be equally divided between the parties; the costs of the Court below to await final disposition in that Court.

BURNETT, CHIEF JUSTICE, and DYER and CHATTIN, JUSTICES, concur.

WHITE, JUSTICE, not participating.