ESTATE OF SHIRLEY JOY THODA, DECEASED, WILLIAM H. THODA, EXECUTOR, and CONNIE MACK GURLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Thoda v. Commissioner
Docket Nos. 1529-77, 4536-77.
United States Tax Court
T.C. Memo 1979-219; 1979 Tax Ct. Memo LEXIS 307; 38 T.C.M. (CCH) 880; T.C.M. (RIA) 79219; May 30, 1979, Filed *307 1. Held: Payments made by Gurley to Mrs. Thoda referred to in settlement agreement as installment payments of a specific sum of alimony in solido were in the nature of a property settlement rather than alimony and were not taxable to Mrs. Thoda under sec. 71, I.R.C. 1954, nor deductible by Gurley under sec. 215, I.R.C. 1954. 2. Amount of Gurley's charitable contributions determined. G. Patrick Arnoult,William H. Lawson, Jr.,Clayton D. Smith, and J. Richard Rossie, for petitioners. Wesley J. Lynes, for respondent. DRENNEN
*308 MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: In these consolidated cases the respondent determined the following deficiencies in the 1973 income tax of petitioners: Docket No.
Petitioner
Deficiency
1529-77
Estate of Shirley Joy Thoda,
Deceased, William H. Thoda,
Executor
$1,153.75
4536-77
Connie Mack Gurley
2,935.22
Petitioner estate was substituted as a party in docket No. 1529-77 for the original petitioner, Shirley Joy Thoda (hereinafter Mrs. Thoda), who died after the filing of the petition but prior to trial. [1] After concessions *309 by both petitioners [2] two issues remain for decision: (1) Whether $2,700 in payments made by petitioner Gurley (hereinafter Gurley) to Mrs. Thoda under the terms of a divorce decree are includable in Mrs. Thoda's gross income pursuant to section 71(a), I.R.C. 1954, [3] and deductible from Gurley's gross income pursuant to section 215(a); and (2) whether Gurley is entitled to a charitable contribution deduction pursuant to section 170 in excess of $52, the amount allowed by respondent. *310 As to the first issue, the respondent is in the position of a stakeholder, having taken inconsistent positions in the notices of deficiency in order to insure the consistent treatment of the payments by Gurley to Mrs. Thoda. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts, the supplemental stipulation of facts, and the exhibits attached thereto are incorporated herein by this reference. Mrs. Thoda maintained her legal residence in Memphis, Tenn., when she filed the petition in docket No. 1529-77 and when she filed her 1973 Federal income tax return. She filed that return with the Director, Memphis Service Center, Memphis, Tenn. She also filed two amended income tax returns for the taxable year 1973. On her original 1973 income tax return, dated March 30, 1974, Mrs. Thoda included $2,700 of alimony in income. On her first amended return, dated April 13, 1974, she included an additional $450 of alimony in income. On her second amended return, dated April 10, 1975, she excluded from income the $3,150 previously reported as alimony on the ground that the amount represented a property settlement rather than alimony. *311 [4]
Gurley maintained his legal residence in Memphis, Tenn., when he filed the petition in docket No. 4536-77 and when he filed his 1973 Federal income tax return. He filed that return with the Director, Memphis Service Center, Memphis, Tenn. Gurley deducted $7,598.43 from his 1973 income tax return as "Alimony paid" to Mrs. Thoda. During trial Gurley conceded that all but $3,150 of this amount represented payments for property and, accordingly, was not deductible pursuant to section 215. Also deducted on Gurley's 1973 income tax return was an itemized charitable contribution of $720. In the deficiency determinations, respondent included in Mrs. Thoda's income $7,598.43 as alimony and disallowed the same amount as a deduction from Gurley's income. Due to concessions by petitioners, only $2,700 of this $7,958.43 amount is at issue. This $2,700 (6 monthly payments of $450 *312 each) was paid by Gurley to Mrs. Thoda in 1973 pursuant to the terms of the divorce decree. Respondent disallowed all but $52 of Gurley's charitable contribution deduction for lack of substantiation. Alimony
Mrs. Thoda and Gurley were married to each other from August 5, 1962, until July 19, 1973, when they were divorced in the Circuit Court of Shelby County, Tenn. The decree of divorce entered by the Circuit Court of Shelby County, Tenn., on July 19, 1973, referred to, and substantially adopted the terms of, a "Property Settlement Agreement" (hereinafter agreement) into which Mrs. Thoda and Gurley had entered. The agreement was signed on the morning of July 19, 1973, shortly before the court proceedings. This agreement was the result of negotiations between Mrs. Thoda and Gurley individually, and through their respective attorneys. During the course of negotiations, Mrs. Thoda rejected two proposed property settlement agreements submitted by Gurley. The first, a handwritten draft prepared by, Gurley individually, provided for a property division and for biweekly payments of $75 to Mrs. Thoda until either party died or Mrs. Thoda remarried. The second proposal, *313 a draft prepared by Gurley's attorney in the divorce action, Kemper Durand, provided for a property division and for the payment of both pendente lite and permanent alimony. The alimony was to be paid in decreasing amounts, eventually decreasing from $450 per month to $100 every 2 weeks, and it was subject to termination upon the occurrence of certain contingencies. In June 1973, Mrs. Thoda's attorney in the divorce proceedings, Ike Clinton, prepared a proposed "Property Settlement Agreement" which was rejected by Gurley. This proposal provided for the payment of both pendente lite and permanent alimony in decreasing monthly amounts. This alimony was also subject to termination upon the occurrence of certain contingencies. Both the agreement and the divorce decree contained provisions for the payment of a specific sum as alimony in solido. With one minor exception not here important, the decree contains the same terms as the agreement. Accordingly, only the relevant provisions of the decree will be set forth. In pertinent part, the decree provided: 1. [Mrs. Thoda] * * * is hereby awarded judgment in the sum of $21,600.00 as alimony in solido, payable in installments *314 as follows: $2,000.00 cash to be paid into the Clerk of this Court on or before August 19, 1973; $450.00 per month to be paid * * * [for 6 months]; $400.00 per month to be paid * * * [for 3 months]; $350.00 per month to be paid * * * [for 3 months]; $300.00 per month to be paid * * * [for 3 months]; $250.00 per month to be paid * * * [for 3 months]; $100.00 every other week to be paid * * * beginning on Friday, January 3, 1975 and a like amount on every other Friday thereafter until the entire judgment of $21,600.00 has been paid in full. In the event any installment is not paid when due, the entire amount then owing on said judgment shall become due and payable immediately, for which execution may issue as at law. [5]
2. The said judgment in the amount of $21,600.00 shall constitute a lien against the real property known as and located at 1530 Dardon Avenue, Memphis, Shelby County, Tennessee, * * * * * *
3. * * * [Title to an automobile is hereby vested in Mrs. Thoda]. 4. * * * [Gurley shall move certain specified furniture and personal property to a place of Mrs. Thoda's choosing in Memphis]. [Mrs. Thoda] * * * and [Gurley] * * *315 * will mutually agree upon an equitable and equal division of other items of property contained in the house * * *. 5. [Mrs. Thoda] * * * will execute a Quitclaim Deed conveying to [Gurley] * * * all of her right, title, and interest in and to the real property known as and located at 1530 Dardon, Memphis, Shelby County, Tennessee, * * *. 6. [Gurley] * * * will obtain and/or continue in full force and effect a policy of insurance in the smount [sic] of $10,000.00 upon his life in which [Mrs. Thoda] * * * is named as beneficiary and will not change the designated beneficiary of said policy until all of his obligations have been fulfilled under the judgment herein. The divorce decree was recorded by Ike Clinton so as to fix the lien on the residence to secure the payment of the $21,600. The residence was sold by Gurley in June 1976. In July 1976 the sum of $9,200 was paid to Mrs. *316 Thoda as final payment on the $21,600 amount and the lien on the residence was released. For the years 1962 through 1972, Gurley had gross income (before Federal income and FICA taxes) of $165,591 For the same period, Mrs. Thoda had gross income of $36,474. The residence Gurley and Mrs. Thoda owned at the time of their divorce was acquired by Gurley in 1961 prior to the marriage, and title was taken in his name alone. Title to the property was changed to reflect ownership by both Mrs. Thoda and Gurley, as tenants by the entirety, on April 14, 1969. The only consideration for the change of title was love and affection. Immediately preceding, and as a result of, the divorce decree, Mrs. Thoda and Gurley each received the following property: Property
Value
Thoda
Gurley
Residence $33,000
$21,920.00
$21,920.00
($11,080 mortgage)
Savings account [6]
2,790.43
$ 2,790.43
Credit Union account [7]
(less liabilities)
(592.94)
(592.94)
Checking account [8]
1,336.90
1,336.90
Joint savings account
4,697.00
4,697.00
Various personal prop-
erty
7,534.00
3,809.00
3,725.00
Household furnishings
4,193.00
650.00
3,543.00
$41,878.39
$11,946.43
$29,931.96
*317 One factual question contested by the parties at trial was whether Mrs. Thoda, as part of the property division, received glass crystal which was worth approximately $10,000. We find, based on the evidence, that Mrs. Thoda did not receive crystal worth $10,000. [9]
Charitable contribution
Gurley regularly attended and contributed to the Holmes Road Church of Christ. He did not, however, keep any records of his contributions. OPINION Alimony
The Federal tax law applicable in this case is clear. *318 Section 215(a) allows a husband to deduct amounts paid to the wife which amounts are includable under section 71 in the gross income of the wife. Section 71(a) includes in the wife's income periodic payments received in discharge of a legal obligation which, because of the marital or family relationship, is incurred by the husband. For purposes of section 71(a), section 71(c)(1) excludes installment payments in discharge of a principal sum of money specified in a decree from the term "periodic payments." Section 1.71-1(d)(3), Income Tax Regs., however, provides an exception to the rule contained in section 71(c)(1). Under that exception, the term "periodic payments" includes installment payment of a principal sum specified in a decree if (1) the payments are subject to termination upon the occurrence of one or more specified contingencies; and (2) the payments are in the nature of alimony. Contingencies imposed by local law are sufficient for purposes of the exception. Thus, the issues are whether the payments in question were (1) in discharge of a legal obligation which Gurley incurred because of the marital or family relationship; and (2) "periodic" because they were subject *319 to contingencies under Tennessee law. Both issues must be answered in the affirmative in order for Gurley to be entitled to a deduction pursuant to section 215(a) and for Mrs. Thoda to be required to include the amounts in income pursuant to section 71. Payments which effect a property division or which satisfy property rights are neither includable in the wife's gross income under section 71(a) nor deductible by the husband under section 215 since the amounts paid are capital in nature. Thompson v. Commissioner,50 T.C. 522 (1968). Whether the payments of the alimony insolido were in discharge of a legal obligation which Gurley incurred because of the marital or family relationship (i.e., alimony) or whether they were in consideration of Mrs. Thoda's property interest is a question of fact. [10]Ryker v. Commissioner,33 T.C. 924 (1960). *320 Petitioner estate argues that the following "facts" indicate that the payments were part of a division of property: (1) The absence of any contingency provisions in the agreement or the divorce decree concerning the payments; (2) the comparative value of the other property received by Mrs. Thoda and Gurley pursuant to the agreement and decree; and (3) the acceleration, lien, and life insurance provisions in the agreement and decree. The gist of Gurley's argument is that the $2,700 payment must have been alimony because Mrs. Thoda received property other than the payments which satisfied her property rights under Tennessee law. Respondent at trial and on brief argues in favor of Mrs. Thoda and against Gurley but does not concede that Mrs. Thoda properly excluded the $2,700 from income. Respondent bases his position on a reading of the agreement and divorce decree and the inclusion therein of "too many indicia of a division of jointly owned property, or property settlement, to be ignored." In resolving the factual question whether particular payments are in the nature of alimony or of a property settlement, courts have utilized myriad factors. A necessary factor is the intent *321 of the parties. Wright v. Commissioner,62 T.C. 377, 389 (1974), affd. 543 F. 2d 593 (7th Cir. 1976). Courts have also looked to: (1) Presence of fixed sum; (2) other division of property; (3) whether the payments are related to the husband's income; (4) continuation of payments regardless of contingencies; (5) negotiations preceding the divorce; and (6) similarity of payments before and after entry of the divorce decree. See Ryker v. Commissioner,supra;Bardwell v. Commissioner,38 T.C. 84 (1962), affd. 318 F. 2d 786 (10th Cir. 1963); Wright v. Commissioner,supra.
A weighing of all the factors in this case leads to the conclusion that the payments of alimony in solido were in the nature of a property settlement. The divorce decree provided for the payment of the $21,600 in installments "until the entire judgment of $21,600.00 [was] paid in full." The failure to pay any installment when due would result in the entire amount outstanding on the judgment becoming immediately due. The judgment was to constitute a lien on real property, and Gurley was to maintain life insurance which *322 designated Mrs. Thoda as the beneficiary until his obligations under the divorce decree had been fulfilled. Additionally, no contingencies were provided in the agreement or the decree which would relieve Gurley of his obligation to pay the entire amount of the judgment. These factors are more indicative of a property settlement than of alimony. Equally as important is the parties' division of their other property. Of property with a total value of $41,878, Gurley received property worth $29,931 and Mrs. Thoda received property worth $11,946. Although it does not necessarily follow from the unequal division of the other property that the alimony in solido must have been part of a property settlement, [11] it is a factor which can be considered.
Gurley argues that the unequal division is not indicative of a property settlement because Mrs. Thoda's property rights and interests under Tennessee law were satisfied by her receipt of property worth $11,946. [12] The premise of this argument is that these property rights are to be determined by reference to the parties' relative contributions and that Gurley's *323 greater contribution, principally in the form of gross income, entitles him to a greater share of the marital property. Gurley's argument is not persuasive. While it is true that Tennessee courts have taken into account contributions in dividing jointly owned property, they have done so in a broad, equitable sense, and not based on a mathmatical formula as urged by Gurley. [13] With the exception of the equity value in the residence, the parties divided the property in a roughly equal manner, with Mrs. Thoda receiving more cash and Gurley receiving more of the household furnishings. The difference in the total value of the property received by Mrs. Thoda and Gurley can primarily be traced to the equity value in the residence. Mrs. Thoda had a vested interest in the residence as a tenant by the entirety. It is not reasonable to believe that Mrs. Thoda received nothing for this interest. *324 In determining that the alimony in solido payments were, in substance, a property settlement, little reliance can be placed upon the testimony introduced concerning the respective parties' intent concerning the agreement and the divorce decree. This testimony, while definite and unequivocal, must be tempered with the nonsubjective actions of the parties. Mrs. Thoda claimed [14] that the alimony in solido represented her half of the property acquired during her marriage and that she had insisted that she receive her due. Nevertheless, she initially reported these amounts as income and it was not until a year later that she amended her return to exclude the amounts from income. Gurley testified that he intended the alimony in solido to be for Mrs. Thoda's support and that he had no idea that the amounts he was required to pay were anything but deductible "alimony." Nevertheless, after proposing two agreements which clearly identified payments as "alimony" and which specifically provided for *325 the termination of the payments upon the occurrence of certain contingencies, he signed an agreement which denominated the payments as alimony in solido and which omitted any reference to contingencies. Similarly, the testimony of the two attorneys, Clinton and Durand, must be balanced by the proposed property settlement agreements which each prepared and the forms in which the agreement and the decree were structured. Having resolved that the payments of alimony in solido were in the nature of a property settlement, it is not necessary to address the question of whether such payments were "periodic." Suffice it to say, however, that were an opposite conclusion reached concerning the nature of the payments, the determination that the payments were subject to contingencies pursuant to State law, and thus periodic, is uncertain at best. [15]
Charitable contribution
Gurley deducted $720 from income for contributions of $15 per week in eash to his church. [16] Respondent disallowed all but $52 of *326 the deduction for lack of substantiation. Respondent's determinations are presumed to be correct, and Gurley has the burden of proving them wrong. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933). Gurley's only evidence in support of the amount of the deduction was his testimony and a statement by Durand that one factor in determining what Gurley could afford to pay to Mrs. Thoda pursuant to the divorce decree was that Gurley was paying $60 a month to the church. Finding that Gurley did contribute some amount, but not being convinced that the amount was $720, the rule enunciated in Cohan v. Commissioner,320 F. 2d 540 (2d Cir. 1930), will be applied. Using our best judgments and bearing down on Gurley whose burden it is to substantiate the deduction, we find that Gurley contributed $300. Accordingly, Gurley is entitled to a charitable contribution deduction of $248 in excess of the amount allowed by respondent. Decisions will be entered under Rule *327 155.
Footnotes
1. Rule 63(a), Tax Court Rules of Practice and Procedure.↩
2. In his petition, petitioner Gurley prayed that reasonable attorney's fees be awarded pursuant to P.L 94-559, 90 Stat. 2641, Oct. 19, 1976, which amended 42 U.S.C. sec. 1988. This Court has held that it does not have the authority to make an allowance of attorney's fees to a petitioner. Key Buick Co. v. Commissioner,68 T.C. 178↩ (1977) (reviewed by the Court) (on appeal to 5th Cir.). Accordingly, respondent's motion for summary judgment on this issue was granted.
3. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the taxable year in issue.↩
4. Petitioner estate has conceded that the $450 originally included in income by Mrs. Thoda on her first amended return and excluded on her second amended return is properly includable in income since it was paid, pursuant to a consent order for temporary alimony, by Gurley for Mrs. Thoda's support.↩
5. Gurley conceded at trial that the $2,000 initial payment was in partial satisfaction of Mrs. Thoda's property interest and, thus, not deductible as alimony. Payment of the alimony in solido↩ according to this schedule would have resulted in full payment in 6-1/2 years.
6. This savings account was in the then sole name of "Shirley Joy Gurley." This account included an $1,815 retirement fund of Mrs. Thoda, part of which was earned prior to, and part of which was earned after, her marriage to Gurley. ↩
7. The credit union account was in the sole name of Gurley. ↩
8. This checking account was in the sole name of Gurley.↩
9. Evidence was introduced that Mrs. Thoda had received cut glass worth approximately $200 rather than crystal worth $10,000. We find that she did receive cut glass worth approximately $200 and said amount was included in the value of "various personal property" found by the Court to have been received by her.↩
10. In Wright v. Commissioner,T.C. Memo. 1978-77, the Court held, based on the facts, that an award of alimony in solido pursuant to a Tennessee divorce decree was in the nature of alimony rather than part of a property settlement. The court specifically found that the parties had intended that the alimony in solido↩ (a 10-year leasehold estate in business real estate of the husband) be in lieu of alimony and that the wife had received other property in settlement of her property interests. Such facts are not present in the instant case.
11. Brown v. Commissioner,16 T.C. 623↩ (1951).
12. On brief Gurley states this result is reached without regard to the question of the crystal since such crystal would have been Mrs. Thoda's property in any event.↩
13. Tenn. Code Ann., sec. 36-825 (1955, as amended 1959); Kittrell v. Kittrell,56 Tenn. App. 584, 409 S.W. 2d 179 (1966); Langford v. Langford,220 Tenn. 600, 421 S.W. 2d 632 (1967); Edwards v. Edwards,501 S.W. 2d 283↩ (Tenn. 1973).
14. Mrs. Thoda's deposition was taken pursuant to Rule 81, Tax Court Rules of Practice and Procedure↩, prior to her death. This deposition was received in evidence at trial.
15. See Naron v. Naron,218 Tenn. 125, 401 S.W. 2d 766 (1966); Pendergrass v. Pendergrass,56 Tenn. App. 227, 405 S.W. 2d 666↩ (1966).
16. Contributions of $15 per week for 52 weeks would equal $780. No explanation was offered as to how Gurley calculated the $720 figure.↩