**Michael Jon SPALDING, Petitioner-Appellee,**

v.

**Helen Victoria Nixon SPALDING, Respondent-Appellant.**

Court of Appeals of Tennessee, Middle Section.

Feb. 29, 1980.

Certiorari Denied by Supreme Court April 21, 1980.

Joe P. Binkley, Nashville, for petitioner-appellee.

Edward C. Blank, II, N. Houston Parks, Colley, Blank & Jack, Columbia, for respondent-appellant.

OPINION

LEWIS, Judge.

This appeal arises from the holding of the Trial Judge that alimony awarded to respondent was *in futuro* and not *in solido.* Respondent has assigned the following three errors which we discuss together:

1. The Trial Court erred in construing the original award of alimony in this cause to be an award of alimony *in futuro* rather than of alimony *in solido.*

2. The Trial Court erred in reducing the amount of alimony originally awarded to Appellant in that said original award of alimony was an award of alimony *in solido,* had already become a final judgment not appealed from when the Trial Court acted upon Appellee's Petition to reduce said award of alimony, and was hence not subject to modification or reduction.

3. The Trial Court erred, in its determination of the issue of whether or not the original award of alimony was one *in futuro* or *in solido,* in "reviewing [the] entire file" and expressing that the Court

"feels that the equities will best be served if the alimony as set forth will be as *in futuro*", since the determination of whether the original award of alimony was *in futuro* or *in solido*, was, properly considered, a construction of the original Decree and award as a matter of law, and it was improper to make that determination by considering changes of circumstances and "the equities", which are proper matters for consideration only *after* the Court determines that the award of alimony was *in futuro* and subject to modification.

The parties were married June 29, 1962, and the final decree awarding respondent an absolute divorce was entered in June, 1977. Respondent was awarded custody of the parties' two minor children, $1000 per month child support, and the "home place" with respondent assuming the "balance of the encumbrance owing on said property." The personal property in the home, except for certain items which were to be delivered to petitioner, was to remain in the home and "ultimately to become the property of the children." The property to be delivered to petitioner was to be used by him, and it likewise was "ultimately to become the property of the minor children." Respondent, in her original complaint, alleged that petitioner was a "medical doctor and surgeon and from his professional specialty practice earns an extremely substantial income" and that they (the parties) "own real property and personal property as tenants by the entirety and [the petitioner] owns property in his name purchased from their marital estate, both real and personal, of substantial value." The defendant's answer admitted these allegations.

That portion of the final decree in question is:

It is, further ORDERED, ADJUDGED AND DECREED by the Court that the defendant Michael Jon Spalding, pay to the plaintiff, Helen Victoria Nixon Spalding, as alimony, the sum of Two Thousand and 00/100 ($2,000.00) Dollars per month for a period of One Hundred and Eight (108) months or Nine (9) years.

The first payment shall become due and payable on the 15th day of June, 1977, and the payment shall continue in that amount until the entire amount mentioned above has been paid.

The decree then states: "In considering the above awards to the plaintiff, all the rest and residuce [*sic*] of the bonds now owned by the parties shall be and become the sole property of the defendant, Michale [*sic*] John Spalding, with the plaintiff having no resulting claim thereto." Respondent's attorney was awarded a fee of $25,000 for his representation of her in the original divorce.

On September 27, 1978, petitioner filed a "petition to Reduce Alimony Payments." After an evidentiary hearing, the Court reduced the alimony payments from $2000 per month to $1000 per month retroactive to September 27, 1978. Subsequently, respondent remarried and an order relieving petitioner "from paying any future alimony payments to the respondent, Helen Victoria Nixon Spalding, as of the date of the marriage, the same being May 24, 1979," was entered on July 18, 1979. Respondent has duly perfected her appeal to each of these orders.

■ This case comes to this Court from a trial before the Judge without the intervention of a jury, [and] there is a presumption of correctness of the judgment below and that judgment will be affirmed unless there is an error of law or unless the evidence is found by this Court to preponderate against the judgment below. *Smith v. Jarnagin*, 58 Tenn.App. 668, 674, 436 S.W.2d 310, 313 (1968); T.C.A. § 27–303.

Sections 36–820 and 828, Tennessee Code Annotated vests the trial court with the power to modify periodic alimony and child support prospectively and retroactively. This changes the common law rule that the right vests on the due date and prohibits retroactive modifications. Prior to the enactment of the Tennessee Code of 1932, it was necessary to make provision in the decree for retention of

jurisdiction to empower the court to retroactively modify alimony and child support. A court could provide essentially the same relief by reduction of future support and injunction against garnishment or execution. After the expiration of thirty days the trial court may not modify an award of alimony *in solido.* ___. Garrett, *Tennessee Divorce, Alimony and Child Custody* § 19–2, at 186 (1978). Clearly, if the alimony awarded respondent is periodic alimony, the trial court may modify the award, T.C.A. § 36–820; *see Zeitlin v. Zeitlin,* 544 S.W.2d 103, 109 (Tenn. App.1976); however, if the alimony awarded is *in solido,* the trial court cannot modify the award after the expiration of thirty days. *See Bauer v. Bauer,* 184 Tenn. 217, 197 S.W.2d 892 (1946); *Pendergrass v. Pendergrass,* 56 Tenn.App. 227, 405 S.W.2d 666 (1966).

■ The policy in Tennessee "has always been that alimony in gross was preferred to periodic alimony in cases of divorce from bonds of matrimony." ___. Garrett, *Tennessee Divorce, Alimony and Child Custody* § 12–3, at 113 (1978); *Brown v. Brown,* 156 Tenn. 619, 626–27, 4 S.W.2d 345, 347 (1928).

Alimony in gross, or "lump-sum alimony," is fundamentally the award of a definite sum of money; and if the sum is payable in instalments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in instalments is not determinative of the question whether it is gross alimony or periodic alimony. 24 Am.Jur.2d *Divorce and Separation* § 614 (1966) (footnotes omitted).

■ In the case at bar the Trial Judge established alimony in the sum of $2000 per month and in his Memorandum stated: "Alimony shall be set for a period of nine (9) full years following the entry of the final judgment herein." Pursuant to that Memorandum, the Trial Judge entered the final decree which ordered petitioner to pay respondent

as alimony, the sum of Two Thousand and 00/100 ($2,000.00) Dollars per month for a period of One Hundred and Eight (108) months or Nine (9) years. The first payment shall become due and payable on the 15th day of June, 1977, and the payment shall continue in that amount until the entire amount mentioned above has been paid.

While we have been unable to find any Tennessee cases which have construed language exactly as that set out above, our attention has been directed by respondent to *Karrer v. Karrer,* 190 Neb. 610, 211 N.W.2d 116 (1973), in which the court construed a divorce decree that provided the husband should pay " 'the sum of $350.00 per month for a period of 121 months as alimony.' " *Id.* at 610, 211 N.W.2d at 117. The court there construed the provision as alimony in gross even though the decree did not set forth the total award as a sum. The court stated: "It is true that the decree in the present case does not set forth the total award as a sum. But this is not necessary. It is self-evident that the sum, $42,350, is no more certain than $350 multiplied by 121." *Id.* at 612, 211 N.W.2d at 118.

In the case at bar the Trial Court utilized language the meaning of which can be in no doubt: "the payment *shall* continue in that amount until the *entire* amount mentioned above has been paid." (emphasis added). "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation." *Black's Law Dictionary* 1541 (rev. 4th ed. 1968) (citation omitted). "Entire" is defined as follows: "Whole; without division, separation, or diminution; unmingled; complete in all its parts; not participated in by others." *Black's Law Dictionary* 626 (rev. 4th ed. 1968) (citations omitted). The decree in the case at bar is susceptible of only one construction: respondent was awarded alimony *in solido* payable on an installment

basis of $2000 per month for 108 months or nine (9) years until the entire amount was paid.

On February 5, 1979, the Trial Judge filed the following Memorandum:

This cause came on to be heard upon the further motion, upon argument of the solicitors and the entire record herein. From all of which the Court is of the opinion and finds as follows:

The question now before the Court is whether the alimony that has heretofore been ordered should be *in solido* or *in futuro*. In reviewing this entire file, the Court feels that the equities will best be served if the alimony as set forth will be as *in futuro*.

Pursuant to that Memorandum, the Trial Judge entered an order which, in pertinent part, stated: "Upon argument of counsel and the Court reviewing the entire file the Court is of the opinion that the alimony award previously granted to the respondent in this cause should be an award of alimony *in futuro*." As we have stated, the alimony awarded respondent by the divorce decree of June 7, 1977, is clearly alimony *in solido*. The Trial Judge, after the expiration of thirty days, no longer had jurisdiction to make any modification in the award of alimony *in solido*.

The Trial Court's December 20, 1978, order reducing alimony from $2000 to $1000 per month, the February 12, 1979, order holding that the alimony previously awarded "should be an award of alimony *in futuro*," and the July 18, 1979, order relieving petitioner from paying any future alimony payments to respondent are reversed.

This case is remanded to the Trial Court for its continuing supervision. Costs are assessed to petitioner.

SHRIVER, P. J., and DROWOTA, J., concur.