**Donald A. McKEE, Appellant,**

v.

**Linda Kay McKEE, Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 11, 1983.

Permission to Appeal Denied by Supreme Court Aug. 1, 1983.

Lawrence E. Marshall, Memphis, for appellant.

Eugene G. Douglass, Bartlett, for appellee.

HIGHERS, Judge.

The parties to this action were divorced by a final decree entered on July 2, 1982, in which the Chancellor ordered the following:

> It is further ordered, adjudged and decreed that as alimony the counter-defendant be, and he hereby is, ordered to pay by the tenth of each month and be responsible for the mortgage note as to the parties' residence ... until June 5, 1986 when the parties' minor son has attained the age of twenty-two or until the resi-

dence is sold should that occur prior to the child's twenty-second birthday, but then only at the option of the counter-plaintiff.

The only issue is whether the above-quoted language from the final decree makes an award of alimony which is *in futuro* or *in solido*. The final decree also provided: "It is still an unresolved issue as to whether said alimony should be considered alimony *in solido* or periodic alimony and an Amended and Supplemental Order will be entered on that issue at a later date pending a decision by this Court."

It appears, however, that the Chancellor who entered the final decree left the bench without ever entering a supplemental order, but the matter was duly presented to the successor Chancellor who ruled on October 27, 1982, as follows:

It is, therefore, ordered, adjudged and decreed that the house payments which the plaintiff was ordered to pay to the defendant until the parties' child becomes twenty-two years of age should be considered alimony *in solido.*

■ The determining factor in distinguishing whether alimony is *in futuro* or *in solido* is the definiteness or indefiniteness of the amount ordered to be paid. In *Spalding v. Spalding,* 597 S.W.2d 739 (Tenn.App. 1980), the Court quoted the following with approval from 24 Am.Jur.2d, *Divorce and Separation,* § 614 (1966):

Alimony in gross, or "lump-sum alimony," is fundamentally the award of a definite sum of money; and if the sum is payable in installments, the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in installments is not determinative of the question whether it is gross alimony or periodic alimony.

In *Spalding* the trial court ordered the defendant husband to pay as alimony the sum of $2000 per month "for a period of One Hundred and Eight (108) months or Nine (9) years." The Court of Appeals found that this called for a certain amount and that, of necessity, it constituted alimony *in solido.* 597 S.W.2d at 741–42.

In *Phillips v. Webster,* 611 S.W.2d 591 (Tenn.App.1980), the parties entered into an agreement, which was incorporated into the final decree, that the husband would pay to the wife the "total sum of ONE HUNDRED THOUSAND AND NO/100 ($100,-000.00) DOLLARS," payable in installments according to a specified schedule. In a subsequent modification agreement the payments to the wife were characterized as "periodic alimony payments." Nevertheless, the trial court held that original agreement was for alimony *in solido* or in gross, and the Court of Appeals affirmed, stating: "However, we are of the opinion that the reference in the modification agreement does not change the basic character of the payments to the wife and we are in agreement with the Chancellor that the alimony described in Section Six of the agreement was alimony *in solido.* As such it was not subject to change after the decree became final." 611 S.W.2d at 593.

In the foregoing cases the amount ordered to be paid was so definite and certain as to be calculable and the Court of Appeals held, in each instance, that it was alimony *in solido.*

■ The case at bar, however, is readily distinguishable in that the amount to be paid is neither definite nor ascertainable. The duration of the award, and thus the total amount to be paid, is based upon contingencies that may never occur. The order recited that the counter-defendant husband (appellant here) be ordered to pay the mortgage note upon the residence of the parties "until June 5, 1986 when the parties' minor son has attained the age of twenty-two or until the residence is sold" if such should occur first. It is clear under this formula that no definite amount has been awarded because the payments are to continue until

the date that the son of the parties attains the age of twenty-two (an event which conceivably might never occur), or until the residence is sold (a potential occurrence that is uncertain as to time).

In the recent unreported case of *Rudder v. Rudder* from the Eastern Section of the Court of Appeals, filed February 24, 1983, the Court dealt with a provision from the final decree of divorce which ordered the payment of $300 per month "until the youngest child attains the age of 18 years, whereupon such obligation shall terminate." Judge Goddard, speaking for a unanimous Court, stated that "the payment would cease upon the youngest child attaining the age of 18 years, a contingency which might never happen should she die before reaching that age. Thus, because the award was not for a specific amount, it was not alimony *in solido*."

For the reasons set forth herein, we disagree with the Chancellor that the amount ordered to be paid in this case was alimony *in solido*. Since it was dependent upon a future contingency which could alter the total amount to be paid, the award lacked the degree of specificity necessary to constitute alimony in gross.

The judgment of the Chancellor is accordingly reversed, and the matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are adjudged against the appellee.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.