| | | |
|---|---|---|
| VERA MAUREEN HIGGS, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | Williamson County Circuit |
| | ) | No. 94639 |
| VS. | ) | |
| | ) | Appeal No. |
| | ) | 01A01-9702-CV-00057 |
| GALE LYNN HIGGS, | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

**FILED**

**November 7, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM CIRCUIT COURT OF WILLIAMSON COUNTY
AT SHELBYVILLE, TENNESSEE

HONORABLE DONALD P. HARRIS, JUDGE

Rebecca E. Byrd, #15394
306 Court Square
Franklin, TN 37064
ATTORNEY FOR PLAINTIFF/APPELLEE

Edmund Covington Johnston, Jr.
Attorney at Law
136 Fourth Avenue South
P.O. Box 1608
Franklin, TN 37065-1608
ATTORNEY FOR DEFENDANT/APPELLANT

**MODIFIED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

DAVID H. WELLES, JUDGE
BY DESIGNATION

WILLIAM H. INMAN, SENIOR JUDGE

| | |
|---|---|
| VERA MAUREEN HIGGS, | ) |
| | ) |
| Plaintiff/Appellee, | ) |
| | ) Williamson County Circuit |
| | ) No. 94639 |
| VS. | ) |
| | ) Appeal No. |
| | ) 01A01-9702-CV-00057 |
| GALE LYNN HIGGS, | ) |
| | ) |
| Defendant/Appellant. | ) |

# O P I N I O N

Each of the captioned parties filed a notice of appeal from a judgment of the Trial Court awarding to the plaintiff-wife a divorce on grounds of adultery and inappropriate marital conduct.

Although both parties appealed, they agreed that the husband would present the case to this Court as appellant, and the wife would do so as appellee. The husband presents the following issues:

1.   Did the Trial Judge err in awarding the wife periodic alimony in the amount of seven hundred fifty (750.00) dollars per month?

2.   Did the Trial Judge err in awarding the wife five thousand ($5,000.00) dollars in attorney's fees and two thousand five hundred ($2,500.00) dollars in suit expense in the form of additional alimony?

3.   Did the Trial Judge err in awarding the wife a security interest in the husband's real property in Missouri?

4.   Did the Trial Judge err in ordering the husband to pay the wife's visa indebtedness?

The wife presents the following issues:

I.   Whether the Circuit Judge erred in valuing the business Nashville Landscape Systems, Inc.

A.   Whether accounts receivable should be deducted from the value of the business when the business is the income stream for the obligor spouse.

-2-

B. Whether the preponderance of the evidence supports a business value for Nashville Landscape Systems, Inc. in excess of seven thousand five hundred ($7,500.00) dollars.

II. Whether the Circuit Judge erred in valuing the 120 acre tract of property in Exeter, Missouri.

III. Whether the Circuit Judge erred in valuing the marital estate property.

IV. Whether the Circuit Judge erred in the division of marital property.

V. Whether the Circuit Judge erred in the award of alimony and discretionary costs.

    A. Whether the Circuit Judge erred in the award of periodic alimony where the wife is the innocent spouse and economically disadvantaged.

    B. Whether the Circuit Judge erred in the award of alimony in solido in the amount of $5,000.00 in attorney fees to wife and suit expenses of $2,500.00 where wife had insufficient assets to pay her attorney fees and discretionary costs and wife was the innocent spouse.

    C. Whether the Circuit Judge erred in assigning the cost of the business appraisal to wife.

    D. Whether the Circuit Judge erred in awarding wife a security interest in the 120 acre tract of land in Missouri.

VI. Whether wife is entitled to her attorney fees and costs of appeal.

Many of the controversies between the parties are not included in the issues on appeal. Only the evidence, findings and conclusions of the Trial Court which relate to the stated issues will be discussed in this opinion.

The evidence reflects that this is a marriage of 20 years duration which produced two children, aged 10 and 12, and a marital estate consisting of a residence and its contents, a landscape business in which the parties worked together until their separation, and two tracts of land in Missouri.

The marital residence was found to be worth $140,000 mortgaged for $92,887.39, net $47,112.61. A 37.5 acre tract was found to be worth $35,000.00 and a one-half interest in 120 acres was found to worth $65,000 less a $20,000.00 separate interest of wife, net $45,000.00.

The Trial Court awarded the wife the marital residence and $18,846.14 cash to equalize the award to the husband of the marital business and the real estate in Missouri.

The Trial Court ordered payment to the wife of alimony of $750.00 per month until her death or remarriage or until the husband reaches the age of 65, $5,000.00 attorney fee and $2,500.00 of wife's "suit expense". The husband's first and second issues complain of these awards.

The stated conditions for continuation of alimony render uncertain the duration of the alimony, hence it cannot be said to be fixed in aggregate amount.

Since the specified conditions render the duration of the "alimony in futuro" (subject to change), T.C.A. §36-820 - now, 36-5-101(a), *Naron v. Naron*, 218 Tenn. App. 125, 401 S.W.2d 766 (1966), it is not "alimony in "solido" (final and unchangeable). T.C.A. § 36-828, now § 36-5-101(a); *Spalding v. Spalding*, Tenn. App. 1980, 597 S.W.2d 739; *Isbell v. Isbell*, Tenn. App. 1991, 816 S.W.2d 735; *McKee v. McKee*, Tenn. App. 1983, 655 S.W.2d 164.

The contention of the wife that the alimony was not subject to the continuing control of the Court is rejected.

# #2

On the other hand, the contentions of the defendant husband regarding the amount and duration of the alimony are not supported by the evidence and the law. The Legislature has created a factor of rehabilitation in the award of alimony. However, this does not prevent the

exercise of the broad discretionary powers of the Trial Judge in respect to alimony and legal expenses, including fees. *Self v. Self*, Tenn. App. 1993, 861 S.W.2d 360; *Kincaid v. Kincaid,* Tenn. App. 1995, 912 S.W.2d 140. The marital estate cash "equalizer" of $18,846.14 is not necessarily required to be used for such expenses. In appropriate cases, where the income from marital distribution is adequate to satisfy such expenses, they might properly be disallowed. However, the amount of the cash distribution in the present case does not justify the disallowance of such expenses.

In consideration of the age of the wife, (42), and her considerable work experience in keeping the books of business activities of the parties, this Court has determined that the $750.00 per month periodic alimony be considered rehabilative and limited to three years in duration unless extended by the trial court for good cause.

The husband next complains of the imposition of a lien upon the 120 acres of his property in Missouri to secure the payment of alimony. No issue is raised as to the power of a Tennessee Court to encumber real estate in Missouri or the proceedings necessary to exercise such power. No fact or law is presented to otherwise render the encumbrance invalid or erroneous.

Although not expressed in the husband's issues; he argues, without citation of evidence or law, that the Trial Court should have awarded a part of the Missouri property to him as his separate estate. Without support in fact or law, the argument cannot be sustained. The wife responds, with supporting citations, that the part interest of the husband in the Missouri land was transmuted into marital property by placing title in the joint names of the parties to this suit. *Batson v. Batson*, Tenn. App. 1988, 769 S.W.2d 849.

Finally, the husband complains that he was required to pay the credit card indebtedness of the wife. The wife's brief offers a tabulation of the division of responsibility for debts, but

neither party cites evidence of the amount or origin of the credit card debt. This court finds no basis for revising the judgment of the Trial Court in this respect.

The wife complains of the finding of the Trial Judge that the landscape business was worth only $7,500.00. The Trial Court appointed a Mr. Parsons to appraise the business. Based upon information received from the husband, he valued the business at between $28,000.00 and $30,000.00. The wife testified that "the value of the business inventory was approximately $91,000.00." The evidence in respect to the value of the business is so convoluted and uncertain that it is virtually impossible to arrive at a satisfactory estimate of its true value. The evidence does preponderate against the finding of a $7,500.00 value and in favor of a value of $53,000.00. This valuation requires an increase in the marital estate of $45,500.00 and an increase in the "cash equalizer" from $18,846.14 to $41,596.14.

The judgment of the Trial Court is modified accordingly.

The wife insists with inadequate citation of evidence, that she, the innocent spouse, has been deprived of her former scale of living by the misconduct of the defendant. She claims that $3,700.00 per month is required to maintain herself and children in their former scale of living. The $1,384.00 child support, and the $750.00 alimony amount to $2,134.00 per month. She admits other income of $1,140.47, making a total of $3,274.00, which is $525.53 less than what she insists that she needs. Her statements of expenses includes the following:

| | |
|---|---|
| Mortgage payment ........... | $899.96 |
| Taxes, insurance, repairs .. | 285.41 |
| School tuition .................. | 576.00 |
| Transportation ................. | 594.61 |
| Child counseling .............. | 175.00 |

The above list contains several items which are not permanent in nature, but may well be present necessities.

The husband argues that he does not have enough income to pay this much alimony, but the evidence does not support his plea. He relies upon his assertion that he draws only $1,300.00 per month salary, ignoring the fact that retained earnings of his corporation were available to him. In setting child support under the guidelines, the Trial Court found his income to be $70,000.00 per year ($5,883.33 per month). Out of this income he should be able to pay $750.00 alimony and $1,384.00 child support, a total of $2,134.00 per month.

# #3

The wife complains of the action of the Trial Judge in requiring her to pay the fee of the appraiser appointed by the Trial Court to evaluate the business of the husband. Neither the memoranda and orders of the Trial Court or the briefs of the parties states the amount of fee claims by the appraiser. Upon remand, the Trial Court should determine the amount to be paid, but it should be paid by the husband, rather than the wife.

Finally, the wife seeks discretionary costs and legal expenses of this appeal. Child support was not an issue in this appeal. Under this circumstance, this Court is not impelled to penalize either party. Each party should bear his or her part of the expense of this appeal.

In summary, the judgment of the Trial Court is modified to designate the alimony of $750.00 per month as rehabilitative and to limit its duration to three years, subject to extension for good cause, to increase the cash payment due the wife as part of the marital estate from $22,750.00 to $41,596.14; and to require the husband to pay the fee of the court appointed appraiser.

In all other respects, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed equally to the parties, that is, each party will pay one-half of said costs. The cause is remanded to the Trial Court for further proceedings in conformity with this opinion.

**MODIFIED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
DAVID H. WELLES, JUDGE
BY DESIGNATION


_____
WILLIAM H. INMAN, SENIOR JUDGE