IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
NOVEMBER 3, 2004
**TRESA DORIANNE BARKLEY YOUNG n/k/a TRESA B. FLOYD v.
STEVEN GLEN YOUNG**

**Direct Appeal from the Chancery Court for Rutherford County
No. 95DR-750     Honorable J. S. Daniel, Chancellor**

_____

**No. M2003-02562-COA-R3-CV - Filed March 29, 2005**

_____

This appeal involves a wife's petition for civil contempt filed against her ex-husband. The wife sought an order holding the ex-husband in civil contempt for failing to pay alimony *in solido* pursuant to the divorce decree and commanding him to pay the amount of the arrearage. Following a hearing on Wife's petition, the chancery court entered an order reclassifying the husband's alimony obligation from alimony *in solido* to rehabilitative alimony due to the parties' cohabitation after their divorce. In addition, the chancery court found that the wife was not entitled to alimony during the periods the parties lived together following their divorce, and the court awarded the wife a reduced sum of rehabilitative alimony. The wife filed an appeal to this Court. We reverse and remand this case to the chancery court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Rodney M. Scott, Murfreesboro, TN, for Appellant

Rachelle L. Windrow, Murfreesboro, TN, for Appellee

## OPINION

### I.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 17, 1995, the Chancery Court of Rutherford County entered a final decree of divorce terminating the marriage of Tresa Barkley Young ("Wife") and Steven Glen Young ("Husband"). The decree incorporated the parties' marital dissolution agreement which provided, in relevant part, that:

> [Husband] owes to [Wife] alimony in solido in the amount of $250.00 per month, to be paid on the 3rd day of the month immediately after the signing of this Marital Dissolution Agreement,[1] on the 3rd of each month thereafter until May of the year 2007. Husband agrees to maintain the current life insurance on his life with Liberty National Insurance Company in the current amount of $50,000.00, listing the Wife as irrevocable beneficiary until May of 2007.

Following their divorce in 1995, the parties periodically lived together until the later part of 2001.

On September 26, 2002, Wife filed a Petition for Civil Contempt against Husband in the Chancery Court of Rutherford County alleging that Husband failed to pay alimony pursuant to the divorce decree and was in arrears in the amount of $5,750.00 as of the date of the petition. Wife's petition also alleged that Husband failed to maintain a life insurance policy on his life naming Wife as the beneficiary as required by the divorce decree. On March 26, 2003, Wife filed a motion for leave to amend her petition to allege that, through additional discovery, Husband's alimony arrearage amounted to $23,250.00 as of the date of the amended petition. On March 28, 2003, the chancery court entered an agreed order finding Husband in civil contempt for failure to maintain a life insurance policy and ordering Husband to acquire a life insurance policy in compliance with the divorce decree. This agreed order also provided that Husband conceded he was in arrears on his alimony obligation, but reserved the determination of the amount of the arrearage for a later hearing.

On May 27, 2003, the chancery court conducted a hearing on Wife's petition. On June 9, 2003, the chancery court entered a Corrected Order[2] providing, in relevant part, as follows:

---

[1] The parties signed the marital dissolution agreement on June 9, 1995.

[2] The original order entered by the trial court that same day contained the same relevant language. The Corrected Order merely clarified the date on which prejudgment interest would begin to accrue on the alimony arrearage.

> Petitioner is not entitled to receive the alimony in solido awarded in her Final Decree of Divorce during the period starting with her divorce from [Husband] in 1995, and continuing through the date she last resided with [Husband] in that said alimony is rehabilitative alimony, and due to [Wife] and [Husband] continuing to periodically live with one another until late 2001, said alimony was not necessary for [Wife's] rehabilitation; therefore [Wife] is only entitled to be awarded the 16 months of alimony in solido arrearage accruing since she last resided with [Husband], in the amount of $3,787.60.

Wife filed a Motion to Alter or Amend Judgment alleging that the chancery court's calculation of alimony did not include those dates when the parties did not reside together between 1995 and 2001. On August 28, 2003, the chancery court held a hearing on Wife's motion and entered an order on September 8, 2003, denying the motion. The chancery court issued another order on September 18, 2003, reiterating its denial of Wife's post-trial motion.

Wife filed a timely notice of appeal to this Court presenting the following issues for our review:

I.    Whether the chancery court erred in determining that the award of alimony *in solido* in the final divorce decree should be reclassified as rehabilitative alimony; and

II.   In the alternative, if the chancery court did not err in reclassifying the alimony award, whether the chancery court committed error by failing to consider all periods when the parties were not living together in fixing the alimony arrearage owed by Husband.

Husband has presented the following additional issue for our review:

III.  Whether a recipient of alimony may file a petition for contempt against the obligor spouse for failure to pay an alimony obligation when the recipient utilizes the alimony to provide a benefit to the obligor spouse.

For the reasons set forth herein, we reverse the decision of the chancery court and remand this case to the chancery court for further proceedings consistent with this opinion.

## II.
### STANDARD OF REVIEW

In resolving the issues raised by the parties, we are bound by the following standard of review:

> To the extent these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. Tenn. R. App. P. 13(d); *e.g.*, *Berryhill v. Rhodes*, 21 S.W.3d 188, 190

(Tenn. 2000). We may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id*. With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

*Sullivan v. Sullivan*, 107 S.W.3d 507, 510 (Tenn. Ct. App. 2002).

### III.
#### LAW AND ANALYSIS

We begin by addressing the sufficiency of the record on appeal. Wife, in an effort to show that Husband failed to prove he fulfilled his alimony obligation, makes numerous references in her brief to Husband's testimony at the hearing on her petition for contempt held on May 27, 2003. The record does not contain a copy of the transcript of the proceedings before the chancery court on May 27, 2003.[3] Instead, Wife cites to the transcript of the hearing on her motion to alter or amend the judgment held on August 28, 2003, which contains the arguments of counsel for both parties. As we have previously stated:

> The Tennessee Rules of Appellate Procedure require the parties, not the appellate courts, to provide a record on appeal that contains a "fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal." Tenn. R. App. P. 24(a); *Realty Shop, Inc. v. RR Westminster Holding, Inc*., 7 S.W.3d 581, 607 (Tenn. 1999). Tenn. R. App. P. 24(a) places the initial responsibility for selecting the contents of the appellate record on the appellant; however, it permits the appellant to designate less than a complete record *if a complete record will not be needed to consider the issues the appellant intends to raise on appeal*.

*Sanders v. Sanders*, No. M1998-00978-COA-R3-CV, 2001 Tenn. App. LEXIS 937, at *10–11 (Tenn. Ct. App. Dec. 28, 2001) (emphasis added).

When an appellant deems certain testimonial evidence relevant to the issues raised by the appellant on appeal, it is the appellant's duty to provide this Court with a transcript of that testimony. Statements by counsel for the parties, even when summarizing the testimony offered at trial, do not constitute evidence. *See Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 732 (Tenn. 1978); *In re Estate of Williams*, No. M2000-02434-COA-R3-CV, 2003 Tenn. App. LEXIS 313, at *42 n.4 (Tenn.

---

[3] Wife submitted a "Rule 24 Notice" on October 9, 2003, indicating "that a verbatim transcript of the evidence will be submitted in support of her appeal." However, the record certified to this Court on appeal only contained the technical record, the transcript of the August 28, 2003, hearing on Wife's post-trial motion, and five exhibits introduced at trial.

Ct. App. Apr. 28, 2003). Ordinarily, the appellant's failure to provide an adequate record on appeal would require this Court to assume the record supported the trial court's decision. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1993); *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987). In this case, however, the state of the record does not preclude us from adequately resolving the issues raised on appeal.

The first issue raised by Wife on appeal addresses the trial court's re-characterization of the alimony *in solido* award set forth in the final divorce decree into rehabilitative alimony. Wife contends the award of alimony *in solido* in the final divorce decree cannot be modified, therefore, the trial court erred in reclassifying it as rehabilitative alimony. On appeal, Husband concedes the award of alimony in the final divorce decree is alimony *in solido*.[4] He also concedes that a final award of alimony *in solido* cannot be modified. Husband contends, however, that "any award of alimony is rehabilitative in nature regardless of whether it is classified as rehabilitative alimony, alimony *in futuro* or alimony *in solido*."

We agree with the parties in that the trial court could not modify Husband's alimony *in solido* obligation, and our review of the state of the law regarding this issue leads us to conclude that a remand is necessary in this case. We begin with Husband's assertion that all alimony is rehabilitative in nature regardless of its classification. This assertion is an incorrect statement of the law of alimony in this state, for the legislature has provided that "[r]ehabilitative support and maintenance is a *separate class* of spousal support as distinguished from alimony *in solido*, periodic alimony, and transitional alimony." Tenn. Code Ann. § 36-5-101(d)(1)(C) (2003) (emphasis added); *see also Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993) ("Under the statute, long-term support and maintenance is appropriate only where there is relative economic disadvantage and rehabilitation of the disadvantaged party is not feasible.").

If a party to a divorce proceeding in which alimony *in solido* is awarded does not file a notice of appeal to this Court within thirty days after the date of the entry of the judgment,[5] Tenn. R. App. P. 4(a) (2003), then the award of alimony *in solido* is not modifiable. *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996); *see also Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001);

---

[4] We agree with the parties in that the alimony obligation is in the nature of alimony *in solido*. Alimony *in solido* is a definite sum in the form of long term support awarded by the trial court typically with the goal of adjusting the distribution of the parties' marital property. *Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001). The final divorce decree, which incorporated the parties' marital dissolution agreement, expressly states that Husband is to pay Wife "alimony *in solido*." In the order reclassifying the alimony obligation, the trial court recognized the alimony as alimony *in solido* prior to reclassifying it rehabilitative alimony. That the trial court ordered the alimony to be paid in monthly installments does not change the result. *Burlew*, 40 S.W.3d at 471; *Waddey v. Waddey*, 6 S.W.3d 230, 232 (Tenn. 1999); *Isbell v. Isbell*, 816 S.W.2d 735, 737–38 (Tenn. 1991); *Bryan v. Leach*, 85 S.W.3d 136, 146 (Tenn. Ct. App. 2001); *Spalding v. Spalding*, 597 S.W.2d 739, 741 (Tenn. Ct. App. 1980). "Tennessee law has long recognized that an award of monthly payments of alimony for a definite period, without any conditions or terminating factors, is an award of alimony *in solido*." *Sommerville v. Sommerville*, No. 01-A-01-9502-CV-00070, 1995 Tenn. App. LEXIS 551, at *3 (Tenn. Ct. App. Aug. 23, 1995) (citing *Spalding*, 597 S.W.2d at 739).

[5] "The term 'judgment' as used in these rules includes a decree." Tenn. R. App. P. 3(g) (2003).

*Sommerville v. Sommerville*, No. 01-A-01-9502-CV-00070, 1995 Tenn. App. LEXIS 551, at *3–4 (Tenn. Ct. App. Aug. 23, 1995); *Spalding v. Spalding*, 597 S.W.2d 739, 741 (Tenn. Ct. App. 1980). "Alimony *in solido* is not modifiable even upon a showing of changed circumstances, including such events as remarriage or the increased fortunes of the recipient spouse." *Bryan v. Leach*, 85 S.W.3d 136, 146 (Tenn. Ct. App. 2001). Accordingly, the chancery court erred by reclassifying Husband's obligation to pay alimony *in solido* into an obligation to pay rehabilitative alimony based upon the parties' cohabitation following their divorce. Additionally, Husband's issue raised on appeal is without merit. Likewise, it is unnecessary for this Court to address Wife's second issue raised on appeal.

Husband's only argument on appeal is that he satisfied the alimony obligation when proceeds from his paycheck were directly deposited into Wife's banking accounts.

> Civil contempt actions are those brought to enforce private rights. Proof by the wife that the husband has failed to comply with the decree establishes a prima facie case of civil contempt. *Chappell v. Chappell*, 261 S.W.2d 824, 831 (Tenn. App. 1952). In a civil contempt proceeding, the burden of proof is on the defendant to prove his inability to conform to the court's order, *Mayer v. Mayer*, 532 S.W.2d 54, 59 (Tenn. App. 1975), and that such inability was not brought about purposely as the result of his own intentional conduct. *Bradshaw v. Bradshaw*, 133 S.W.2d 617, 619–20 (Tenn. App. 1939).

*Merritt v. Merritt*, No. 02A01-9108-CH-00175, 1992 Tenn. App. LEXIS 753, at *13 (Tenn. Ct. App. Sept. 14, 1992). Husband, pursuant to the "Agreed Order as to Petition for Civil Contempt," has conceded that he is in arrears on his alimony obligation, but he disputes the amount of the arrearage.

The record contains no factual findings by the chancery court regarding the amount of Husband's arrearage or what amounts, if any, Husband has paid toward his alimony obligation. On remand, the chancery court is to first establish the amount Husband is in arrears on his alimony *in solido* obligation. Once determined, the chancery court is to credit Husband with any amounts the court determines Husband has paid toward his alimony *in solido* obligation. Finally, the chancery court is to enter an appropriate order, consistent with this opinion and within the discretion of the chancery court, to ensure Husband's compliance with his outstanding alimony *in solido* obligation pursuant to the final decree of divorce.

## IV.
### CONCLUSION

For the reasons set forth herein, we reverse the decision of the chancery court and remand for proceedings consistent with this opinion. Costs of this appeal are to be taxed to the Appellee, Steven Glen Young, for which execution may issue if necessary.

                                     _____

                                     ALAN E. HIGHERS, JUDGE