# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 8, 2006 Session

## ANN MARIE GILLESPIE v. ANDREW MARK GILLESPIE

**Appeal from the Circuit Court for Sevier County**
**No. 2004-0726-II      Richard R. Vance, Judge**

---

**No. E2006-00734-R3-CV - FILED DECEMBER 19, 2006**

---

The issue presented in this case is whether the Wife's alimony award is modifiable due to her remarriage when the divorce decree does not classify the alimony award, stating only that "the [Husband] shall pay alimony to the [Wife] in the amount of five hundred dollars per month for a period of two years." The trial court, presented with Husband's petition to modify spousal support, held that the alimony award was "periodic/rehabilitative alimony," and terminated Husband's spousal support obligation to Wife because of her remarriage. We hold that the award of alimony is properly classified as alimony *in solido*, because (1) both the alimony award in the divorce decree and the parties' marital dissolution agreement provided for a sum certain – $500 per month for two years – with no contingencies that would cause termination of the alimony, such as Wife's death or remarriage; and (2) the trial court made no finding in the divorce judgment regarding the relative economic status of the parties, nor of the Wife's need or potential for rehabilitation. Therefore, because an award of alimony *in solido* is not subject to modification, we reverse the judgment of the trial court terminating Wife's alimony payments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Ann Marie Gillespie Ward, Kodak, Tennessee, *Pro Se* Appellant.

Rebecca D. Slone and J. Derrick Whitson, Dandridge, Tennessee, for the Appellee, Andrew Mark Gillespie.

# OPINION

## I. Background

Andrew Mark Gillespie and Ann Marie Gillespie Ward were married on December 31, 1990. One child was born to the marriage on May 28, 1991. After nearly fourteen years of marriage, Ms. Ward filed for divorce on October 27, 2004. Mr. Gillespie counterclaimed for divorce shortly thereafter. After negotiation, the parties executed a marital dissolution agreement ("MDA"). Regarding spousal support, the MDA provided the following: "**ALIMONY:** Alimony shall be awarded to the Plaintiff [Ms. Ward] in the amount of five hundred dollars a month for a period of two years."

On May 6, 2005, the trial court entered its final judgment of divorce. No transcript of the divorce hearing is included in the record, and neither party makes reference to such a hearing in his or her brief. The trial court's divorce decree made the following findings and conclusions, reproduced in their entirety:

> That the allegations of the Complaint are sustained by the proof; that is, that the parties have stipulated grounds for divorce pursuant to T.C.A. 36-4-129.
>
> That each party shall be granted an absolute divorce from the other on stipulated grounds and that both Parties be restored to all the rights and privileges of unmarried persons.
>
> That there is a child born of the marriage and a Parenting Plan is filed and is approved by this Court.
>
> The Parties are owners of certain personal items and effects and each Party shall be awarded his or her own personal items and effects and the other Party divested of any interest in the effects of the other.
>
> The Parties' marital debt, including credit cards, but excluding the home, will be paid solely by [Mr. Gillespie]. In addition, [Mr. Gillespie] has signed a quit claim deed giving rights to the marital home to [Ms. Ward]. Costs of said deed and filing fees shall be paid by [Ms. Ward].
>
> That [Mr. Gillespie], when able, shall provide [Ms. Ward] with half of his retirement fund after January 1, 2005 within ten days of receiving said funds.
>
> [Mr. Gillespie] shall be required to pay for any secondary schooling or college training for the minor child, Andrea Michele Gillespie.

[Mr. Gillespie] will maintain medical insurance on [Ms. Ward] for a period of two years from the date of divorce. He will maintain medical insurance on the child until she is at least eighteen years of age.

That [Mr. Gillespie] shall pay child support in the amount of five hundred and thirty dollars per month until the child is at least eighteen or graduates from college. This amount may be modified if both parties agree or by a petition to modify submitted to this Court by either party.

That [Mr. Gillespie] shall pay alimony to [Ms. Ward] in the amount of five hundred dollars per month for a period of two years.

Neither party is a member of the Military or Armed Forces.

The divorce judgment does not incorporate or mention the parties' MDA. As can be seen, the trial court's judgment does not classify the alimony award, does not make a finding regarding the parties' relative economic situations, and does not contain a finding as to whether Ms. Ward is in need of rehabilitation or whether rehabilitation is feasible in her situation.

Five months after entry of the final decree of divorce, Mr. Gillespie filed a petition to modify spousal support, arguing that his alimony obligation should be terminated or reduced because of Ms. Ward's remarriage. The trial court heard no proof at the hearing of this motion, other than a stipulation that Ms. Ward had remarried. Ms. Ward argued that the alimony awarded was properly classified as *in solido*, and therefore it was not modifiable. The trial court's order holds as follows in its entirety:

1. The award of alimony is found to be periodic/rehabilitative alimony.

2. The Court hereby terminates said alimony due to wife's remarriage retroactively to the date of wife's marriage.

3. Costs are taxed to wife.

## II. Issue Presented

Ms. Ward appeals, raising the issue of whether the trial court erred in terminating her alimony because of her remarriage.

## III. Standard of Review

In this non-jury case, our review is *de novo* upon the record of the proceedings below, but the record comes to us with a presumption of correctness as to the trial court's factual determinations

that we must honor unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn. 1993).

Our Supreme Court has further elaborated upon our standard of review in a spousal support modification case by noting that "[b]ecause modification of a spousal support award is factually driven and calls for a careful balancing of numerous factors, . . .a trial court's decision to modify support payments is given wide latitude within its range of discretion." *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001) (internal quotation marks and citations omitted). Consequently, appellate courts "are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Id.* In the present case, the parties have agreed that there is no issue of fact presented, either before the trial court or this court; the only question is the proper classification of the alimony award.

## *IV. Analysis*

Based on our review of the sparse record before us, we have concluded that the trial court erred in classifying the alimony award as "periodic/rehabilitative." We hold that the award of alimony is properly classified as alimony *in solido*, because (1) both the alimony award in the divorce decree and the parties' MDA provided for a sum certain – $500 per month for two years – with no contingencies that would cause termination of the alimony, and (2) the trial court did not make a factual finding in the divorce judgment that Ms. Ward was in need of rehabilitation and that she was capable of being rehabilitated within the meaning of the law.

There are four separate classes of spousal support in Tennessee, including rehabilitative alimony,[1] alimony *in futuro* (or periodic alimony),[2] alimony *in solido* (or lump-sum alimony),[3] and transitional alimony.[4] Tennessee law recognizes a statutory preference for rehabilitative spousal support and transitional spousal support. T.C.A. § 36-5-101(C)(Supp. 2004) (now § 36-5-121(d)(2)); *Bratton v. Bratton,* 136 S.W.3d 595, 605 (Tenn. 2004); *Perry v. Perry,* 114 S.W.3d 465, 467 (Tenn. 2003); *Crabtree v. Crabtree,* 16 S.W.3d 356, 358 (Tenn. 2000). This statutory preference does not entirely displace the other forms of spousal support when the facts of the case warrant long-term or more open-ended support. *Aaron v. Aaron,* 909 S.W.2d 408, 410 (Tenn. 1995); *Isbell v. Isbell,* 816 S.W.2d 735, 739 (Tenn. 1991).

---

[1] T.C.A. § 36-5-101(d)(1)(C)(Supp. 2004) (now recodified at T.C.A. § 36-5-121).

[2] T.C.A. § 36-5-121(f).

[3] T.C.A. § 36-5-121(h).

[4] T.C.A. § 36-5-101(d)(1)(D)(Supp.2004) (now recodified at T.C.A. § 36-5-121(g)).

-4-

Neither the parties' MDA nor the divorce decree designated the classification of alimony that Ms. Ward was to receive. This is important because alimony *in solido* is not subject to modification after the decree is final, whereas the other types of alimony are subject to change. T.C.A. §§ 36-5-121(e)(2) (rehabilitative alimony); 36-5-121(f)(2) (alimony *in futuro*); 36-5-121(g)(2) (transitional alimony); 36-5-121(h)(2) (alimony *in solido*).

The law in Tennessee regarding rehabilitative alimony was codified at T.C.A. § 36-5-101(d)(1)(C) (Supp. 2004) (now recodified at T.C.A. §§ 36-5-121(d)(2) and (3), -121(e)). Our courts interpreting this statute have consistently required a factual finding by the trial court that a spouse is "economically disadvantaged relative to the other spouse," and that rehabilitation of the economically disadvantaged spouse is feasible, in order to properly classify an award of alimony as "rehabilitative." For instance, the Supreme Court in *Self v. Self,* 861 S.W.2d 360 (Tenn. 1993) stated that "[t]he critical factor in determining whether an award for the support and maintenance of a former spouse is subject to modification is the initial finding by the trial court regarding the relative economic conditions of the parties and the feasibility of rehabilitation of the disadvantaged spouse." *Self,* 861 S.W.2d at 361; *accord Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995) ("there must be a threshold determination by the trial judge that, considering all relevant factors, rehabilitation of the economically disadvantaged spouse is not feasible"); *Knowles v. Knowles,* No. M2001-012820-COA-R3-CV, 2002 WL 598551, at *2 (Tenn. Ct. App. M.S., Apr. 19, 2002); *Sanders v. Sanders,* No. M2001-02694-COA-R3-CV, 2003 WL 21004628, at *3 (Tenn. Ct. App. M.S., May 6, 2003) ("[t]he essential finding for an award of rehabilitative support is that the disadvantaged spouse is 'capable of rehabilitation'"); *Campbell v. Campbell*, No. M2005-00288-COA-R3-CV, 2006 WL 2354766, at *5 (Tenn. Ct. App. M.S., Aug. 8, 2006). In the present case, the trial court made no such finding, and therefore the alimony award to Ms. Ward was not properly classified as rehabilitative.

The law in Tennessee regarding transitional alimony was codified at T.C.A. § 36-5-101(d)(1)(D)(Supp. 2004) (now recodified at T.C.A. § 36-5-121(g)). The trial court did not classify its spousal support award as transitional alimony, either at the time of the divorce decree or in its order granting Mr. Gillespie's petition to terminate alimony. Neither party argues on appeal that the award should be classified as transitional alimony. Transitional alimony "is awarded when the court finds that rehabilitation is not necessary, but the economically disadvantaged spouse needs assistance to adjust to the economic consequences of a divorce... ." T.C.A. § 36-5-101(d)(1)(D) (Supp. 2004). The court made no such finding in this case, and we do not find that the award is properly classified as transitional alimony under the circumstances presented here.

In *Waddey v. Waddey*, 6 S.W.3d 230 (Tenn. 1999), the Supreme Court discussed the characteristics of an award of alimony *in futuro* (also known as periodic alimony), as distinguished from alimony *in solido,* as follows:

> Whether alimony is *in futuro* or *in solido* is determined by either the definiteness or indefiniteness of the sum of alimony ordered to be paid at the time of the award. *McKee v. McKee,* 655 S.W.2d 164, 165 (Tenn.App.1983). Alimony *in solido* is an award of a definite sum of

alimony. *Spalding v. Spalding,* 597 S.W.2d 739, 741 (Tenn.App.1980). Alimony *in solido* may be paid in installments provided the payments are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded. *Id.* Alimony *in futuro,* however, lacks sum-certainty due to contingencies affecting the total amount of alimony to be paid. *McKee,* 655 S.W.2d at 165-66 (holding alimony was *in futuro* where husband was ordered to pay the mortgage note until either the son turned twenty-two or the house was sold). It is therefore clear that the duration of an award of alimony *in futuro* may be affected by contingencies agreed upon by the parties or imposed by courts.

The continued payment of alimony in the case now before us was subject to three contingencies: remarriage, death, or the passage of March 1, 1996. These contingencies affected the duration of the alimony. Accordingly, the sum of the alimony payable to Mrs. Waddey was not determinable when the alimony was awarded. The mere happening of a contingency does not convert an award of alimony *in futuro* to an award of alimony *in solido.* The award of alimony *in solido* must be ascertainable when ordered, not years later when a contingency terminates the award.

*Waddey v. Waddey,* 6 S.W.3d 230, 232 (Tenn. 1999); *accord Burlew v. Burlew,* 40 S.W.3d 465, 471 (Tenn. 2001).

In this case, both the MDA and the divorce decree provide for an award of a definite sum, $500 per month for two years. There are no contingencies present that would potentially affect the duration or total amount of the alimony. Under *Waddey* and the later cases following it, therefore, the alimony is properly classified as *in solido.* As noted, alimony *in solido* is not modifiable after the divorce decree has become final. *Burlew,* 40 S.W.3d at 472.

Moreover, the parties' MDA provided as follows:

> [to] memorialize their full, complete and final agreement as to all of these matters, the parties have executed and acknowledged this contractual **MARITAL DISSOLUTION AGREEMENT** which they request the Court to ratify and approve and incorporate by reference into its Final Decree of Divorce if it should grant a divorce on the Original Complaint filed herein, but which will retain its contractual nature regardless of any action taken by the Court.
> *                *                *
> **ALIMONY:** Alimony shall be awarded to the Plaintiff [Ms. Ward] in the amount of five hundred dollars a month for a period of two years.

The parties could have included a provision in their MDA that the alimony payments would terminate upon remarriage, but they did not do so. As this court stated in *Bryan v. Leach,* 85 S.W.3d 136 (Tenn. Ct. App. 2001),

> Where the parties see fit to include alimony obligations in their marital dissolution agreement, [i]t must be presumed that the alimony provision was part of the inducement or consideration for the other provisions regarding division of the marital estate. The Courts are justified in being reluctant to disturb an alimony obligation assumed under such conditions.
>
> \*          \*          \*
>
> Parties should be free to obligate themselves by agreement beyond what the courts could order them to do as a matter of law. In such cases the courts are not sympathetic to a party who promises more than he can reasonably expect to pay in order to induce the other spouse to obtain a divorce and then seeks the termination of the agreed payments.

*Bryan*, 85 S.W.3d at 150 (internal quotation marks and citations omitted).

### *V. Conclusion*

For the aforementioned reasons, we hold that the alimony award in the trial court's divorce decree is properly classified as alimony *in solido* and is therefore non-modifiable by the trial court. The judgment of the trial court terminating Ms. Ward's alimony payments is reversed. The case is remanded for collection of costs below, which the trial court should reconsider upon remand in light of our disposition of this appeal. Costs on appeal are assessed to the Appellee, Andrew Mark Gillespie.

_____
SHARON G. LEE, JUDGE