# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 17, 2009 Session

## JOHN MICHAEL KELLY v. STACEY LYNN KELLY

**Appeal from the Chancery Court for Coffee County**
**No. 06-155     L. Craig Johnson, Judge**

---

**No. M2008-02170-COA-R3-CV - Filed May 11, 2009**

---

The trial court denied a motion to terminate alimony based upon a finding that the award was for alimony *in solido*. Because the marital dissolution agreement provided that the award was subject to review, we find the award to be for alimony *in futuro* and therefore subject to termination upon the remarriage of the wife. We reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Roger James Bean, Tullahoma, Tennessee, for the appellant, John Michael Kelly.

Robert L. Huskey, Manchester, Tennessee, for the appellee, Stacey Lynn Kelly.

### OPINION

John Michael Kelly ("Husband") and Stacey Lynn Kelly ("Wife") married in 1986 and divorced on grounds of irreconcilable differences pursuant to a final decree entered on November 1, 2007. The decree incorporated the parties' marital dissolution agreement, which contains the following language with respect to alimony:

> The Husband will pay alimony in the amount of $400.00 per month due on the 15th of each and every month for a period of five (5) consecutive years. Payments are to be made by direct bank deposit. This will be reviewed at the end of the period.

In December 2007, Wife remarried. On May 21, 2008, Husband filed a motion to terminate alimony based upon Wife's remarriage. The trial court found the award of alimony to be for alimony *in solido* and denied the motion to terminate. Husband appeals.

STANDARD OF REVIEW

The facts in this case are undisputed.[1] The only issue for our determination is whether the alimony award in the marital dissolution agreement is alimony *in futuro* or alimony *in solido*. This is a question of law, which we review de novo with no presumption of correctness. *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001).

ANALYSIS

Tenn. Code Ann. § 36-5-121, which took effect in July 2005, governs the types of alimony available in Tennessee and their characteristics. Alimony *in futuro*, or periodic alimony, is "a payment of support and maintenance on a long term basis or until death or remarriage of the recipient." Tenn. Code Ann. § 36-5-121(f)(1). An award of alimony *in futuro* is appropriate where there is "relative economic advantage" and rehabilitation of the disadvantaged spouse is not feasible. *Id.* Pursuant to Tenn. Code Ann. § 36-5-121(f)(2)(A), "[a]n award of alimony in futuro shall remain in the Court's control for the duration of such award and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances." In addition, Tenn. Code Ann. § 36-5-121(f)(3) provides that an award of alimony *in futuro* "shall terminate automatically and unconditionally upon the death or remarriage of the recipient."

Alimony *in solido*, or lump sum alimony, "is a form of long term support, the total amount of which is calculable on the date the decree is entered, but which is not designated as transitional alimony." Tenn. Code Ann. § 36-5-121(h)(1). This type of alimony may be payable in installments as long as the installments "are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded." Tenn. Code Ann. § 36-5-121(h)(1). In addition to providing financial support to the recipient, alimony *in solido* can include attorney fees. *Id.* Pursuant to Tenn. Code Ann. § 36-5-121(h)(3), alimony *in solido* does not terminate upon the recipient's death or remarriage. Tenn. Code Ann. § 36-5-121(h)(2) states: "A final award of alimony in solido is not modifiable, except by agreement of the parties only."

Thus, in the present case, whether the alimony award should terminate with Wife's remarriage depends upon whether it is classified as alimony *in futuro*, which is modifiable, or alimony *in solido*, which is not modifiable.

The distinguishing factor between alimony *in solido* and alimony *in futuro* is the definiteness or indefiniteness of the amount to be paid at the time of the award. *Burlew*, 40 S.W.3d at 471 (quoting *Waddey v. Waddey*, 6 S.W.3d 230, 232 (Tenn. 1999)). Alimony *in solido* is "'fundamentally the award of a definite sum of money; and if the sum is payable in installments, the

---

[1] Wife's brief includes arguments based upon the parties' negotiations leading up to the signing of the marital dissolution agreement. There is no proof in the record concerning the negotiations or the intent of the parties with respect to their agreement. We cannot, therefore, consider these arguments.

payments run for a definite length of time.'" *McKee v. McKee*, 655 S.W.2d 164, 165 (Tenn. Ct. App. 1983) (quoting *Spalding v. Spalding*, 597 S.W.2d 739, 741 (Tenn. Ct. App. 1980)). The amount of the alimony *in solido* award "must be ascertainable when ordered, not years later when a contingency terminates the award." *Waddey*, 6 S.W.3d at 232. If the alimony award contains contingencies that may affect the total amount to be paid, the award is for alimony *in futuro* because the total amount of alimony is not definite and ascertainable at the time the award is made. *McKee*, 655 S.W.2d at 165-66; *see also Page v. Page*, No. 03A01-9108-CH-290, 1992 WL 55574, *4 (Tenn. Ct. App. Mar. 24, 1992).

Applying these principles to the present case, we conclude that the alimony award at issue is for alimony *in futuro* because the total amount awarded was not ascertainable at the time of the award. The first sentence of the alimony award suggests a classification as alimony *in solido* since the award calls for payments of $400 per month for five years. The final sentence of the paragraph, however, makes the total amount of the award indefinite because the award is to be reviewed at the end of five years. Thus, it is possible that Husband would be required to continue making monthly payments for some period of time after the end of the five years. Because the total amount of the award was unascertainable at the time of the award, we must classify the award as being alimony *in futuro*. Therefore, pursuant to Tenn. Code Ann. § 36-5-121(f)(3), the alimony award terminates automatically upon Wife's remarriage.

Wife argues that the alimony language should be interpreted as creating a kind of hybrid alimony: an award of alimony *in solido* for five years with a reservation of the issue of alimony *in futuro* for determination at the end of that period. In support of this argument, Wife cites two cases in which the court reserved the issue of alimony for determination at a later date. *See Robinette v. Robinette*, 726 S.W.2d 524, 525 (Tenn. Ct. App. 1986) (reserving judgment on issue of alimony in light of wife's health conditions); *Walton v. Walton*, No. W2004-02474-COA-R3-CV, 2005 WL 1922565, *2 (Tenn. Ct. App. Aug. 10, 2005) (reserving jurisdiction to evaluate and review award of rehabilitative alimony after 18 months while wife sought disability benefits). These cases are distinguishable from the present case, however, because the courts expressly stated they were reserving a final determination regarding alimony until a later date in light of specific concerns. *Robinette*, 726 S.W.3d at 525; *Walton*, 2005 WL 1922565, at *2. In the present case, the alimony award was included in a marital dissolution agreement, and there is nothing in the award to indicate that the parties intended to establish two different types of alimony.

Wife also cites *Gillespie v. Gillespie*, emphasizing the statement that "'[p]arties should be free to obligate themselves by agreement beyond what the courts could order them to do as a matter of law.'" *Gillespie*, No. E2006-00734-R3-CV, 2006 WL 3732195, *5 (Tenn. Ct. App. Dec. 19, 2006) (quoting *Bryan v. Leach*, 85 S.W.3d 136, 150 (Tenn. Ct. App. 2001)). In *Gillespie*, the trial court's decree provided that the husband would pay alimony of $500 per month for two years. *Id.* at *1. Presented with a petition to modify after the wife's remarriage, the trial court classified the alimony award as "periodic/rehabilitative alimony" and terminated the award. *Id.* at *2. This court reversed based on our conclusion that the award was for alimony *in solido* and, therefore, not subject to modification. *Id.* at *3. In support of this conclusion, the court cited two reasons: the definiteness

of the amount of the award with no contingencies to cause termination, and the lack of any factual findings in the divorce judgment that the wife was in need of or was capable of rehabilitation. *Id.* *Gillespie* is distinguishable from the present case because here we have contingencies that make the total amount of the alimony award indefinite.

The trial court and Wife have cited the language of Tenn. Code Ann. § 36-5-121(h)(2) that "[a] final award of alimony in solido is not modifiable, except by agreement of the parties only." As discussed above, this court classifies the award at issue as being one for alimony *in futuro* because of the indefiniteness of the amount of the award in light of the contingency specified in the award. Thus, Tenn. Code Ann. § 36-5-121(h)(2) does not apply.

CONCLUSION

For the foregoing reasons, we conclude that the alimony awarded in this case was alimony *in futuro* and that, therefore, pursuant to Tenn. Code Ann. § 36-5-121(f)(3), the alimony award terminated automatically upon Wife's remarriage. We reverse the decision of the trial court and remand for further proceedings, if necessary, consistent with this opinion. Costs of appeal are assessed against the appellee.

_____
ANDY D. BENNETT, JUDGE